UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christine Amber Etheredge,                         Case No.   3:23-cv-1497

        Plaintiff,

   v.                                              MEMORANDUM OPINION
                                                                      AND ORDER
Attorney General Yost, *et al.*,

        Defendants.

### I.   INTRODUCTION AND BACKGROUND

*Pro se* plaintiff Christine Amber Etheredge, a North Carolina resident, filed an *in forma pauperis* civil complaint in this action, labeled as "case alleging negligence," against numerous governmental defendants and private individuals located in Ohio, North Carolina, and elsewhere, including Ohio Attorney General David Yost, the State of Ohio, Ada Police, Montgomery County, Medina Police, Hardin Ohio DOJ, US Bank, and Medina CPS. (Doc. No. 1). Her complaint also lists three "third-party" minors as plaintiffs. (*Id.*).

Plaintiff's complaint does not set forth cogent allegations or legal claims. In her brief statement of claim, she states in purely conclusory terms: "late husband died on terminal leave family doc + law enforcement failed + US Army failed - money taken + false POA + fraud." (*Id.* at 4, ¶ III, "Statement of Claim"). She also states without further explanation: "Medina law enforcement + CPS failed to protect + trafficked minor"; "15 years of grief"; "200,000 lost"; "psychological damage." (*Id.*).

1

The relief she seeks also is unclear. In her complaint, she indicates she seeks "Injunctive + re-opening of death w/ ex[h]uming + Army fixing claims"; "firing of employees"; "return of minor"; and "immunity good faith." (*Id.* at 4, ¶ IV, "Relief"). It also appears she seeks damages.

Plaintiff submitted two additional filings in the case after she filed her complaint. (Doc. Nos. 4, 5.) These filings also do not set forth cogent factual allegations or legal claims. Rather, they indicate Plaintiff seeks to assert claims for "treason, kidnapping, conspiring to murder, retaliation, [and] child abuse," to add additional defendants, and to seek "50 billion" in damages. (*See* Doc. Nos. 5, 5-1).

Yost and the State of Ohio, and Hardin County and Medina CPS, have filed motions to dismiss the complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. (Doc. Nos. 8, 9.) The remaining Defendants have not answered or responded to the complaint, and it does not appear they have been served.

The moving Defendants argue the Complaint should be dismissed for a number for reasons, including because they are entitled to immunity or are not *sui juris*, because Plaintiff cannot bring a lawsuit on behalf of others *pro se*, and because Plaintiff's pleadings fail to satisfy basic pleading requirements and fail to set forth allegations sufficient to state a plausible claim upon which she may be granted relief. Plaintiff has not responded to the motions.

## II. STANDARD

*Pro se* pleadings generally are entitled to liberal construction and are held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), but "the lenient treatment generally accorded to *pro se* pleadings has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted). *Pro se* plaintiffs still must meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or construct

claims for them. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

A complaint is subject to dismissal under Rule 12(b)(6) if it fails to state claim upon which relief may be granted. To survive a Rule 12(b)(6) dismissal, a "complaint must present 'enough facts to state a claim to relief that is plausible on its face'" when its well-pleaded factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Even without a motion to dismiss, federal district courts are required, under 28 U.S.C. § 1915(e), to dismiss any *in forma pauperis* complaint filed in federal court that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Rule 12(b)(6) standard applies in determining whether a complaint states a claim under § 1915(e). *Id.*

### III.   DISCUSSION

Upon review, I find that Plaintiff's complaint warrants dismissal, as against all defendants, for failure to state a claim and for the reasons the moving defendants state in their motions. Even under the liberal standard applicable to *pro se* pleadings, the unclear, vague, and conclusory assertions and sentence fragments set forth in the complaint fail to meet basic pleading requirements,[1] or set forth allegations sufficient to suggest she has any plausible claim, against any defendant, upon which I may grant her relief. *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (A

---

[1] To meet basic pleading requirements, a plaintiff's complaint must be sufficient to give defendants "fair notice of what the [plaintiff's claims are] and the grounds upon which [they rest]." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citation omitted).

court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint state a claim for relief). *See also Hendrock v. Gilbert*, 68 F. App'x 573, 574 (6th Cir. 2003) (district court properly dismissed *pro se* complaint that was "vague, conclusory, and contained no factual allegations upon which a valid federal claim may rest").

When defendants are named in the caption of a complaint without factual allegations in the body of the complaint indicating their involvement in the alleged rights violations, the complaint is subject to dismissal even under the liberal construction afforded *pro se* pleadings. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)). While Plaintiff named approximately 23 Defendants in the complaint, she has not offered any allegations showing what specific role any of those Defendants played in the alleged violations of her rights.

Furthermore, to the extent Plaintiff purports to allege state-law negligence claims, the Court lacks subject-matter jurisdiction because Plaintiff has named Defendants located in Ohio and North Carolina, where she indicates she resides. Therefore, she has not demonstrated complete diversity of citizenship as is necessary to establish jurisdiction over state-law claims under 28 U.S.C. § 1332.

## IV.    CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* in this matter (Doc. No. 2) is granted. For the reasons stated above and in the moving defendants' unopposed motions, the pending motions to dismiss, (Doc. Nos. 8, 9), are both granted, and this action is dismissed as against all defendants pursuant Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). Further, I certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

    s/ Jeffrey J. Helmick
United States District Judge